**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-6499

TARUS TRAMAINE HENRY,

        Petitioner - Appellant,

    v.

WARDEN KENDALL,

        Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  J. Michelle Childs, District Judge.  (5:20-cv-03906-JMC)

Submitted:  December 16, 2022                    Decided:  January 27, 2023

Before WYNN, RUSHING, and HEYTENS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Tarus Tramaine Henry, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tarus Tramaine Henry seeks to appeal the district court's orders denying relief on his 28 U.S.C. § 2254 petition and denying his request for a certificate of appealability.[1] We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order denying § 2254 relief on November 16, 2021, and entered its order denying a certificate of appealability on March 15, 2022. Henry filed the notice of appeal on April 15, 2022.[2] Because Henry failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

---

[1] Henry's notice of appeal did not specify the order he sought to appeal. *See* Fed. R. App. P. 3(c)(1)(B). Applying a functional approach to compliance with that rule, however, we construe the notice of appeal as challenging both the order denying a certificate of appealability and the underlying judgment. *See Jackson v. Lightsey*, 775 F.3d 170, 175-77 (4th Cir. 2014); *Bogart v. Chapell*, 396 F.3d 548, 555 (4th Cir. 2005).

[2] For the purposes of this appeal, we assume that the date appearing on the envelope containing the notice of appeal is the earliest date Henry could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988). Likewise, to the extent Henry's written request for a certificate of appealability could be liberally construed as a notice of appeal, the envelope containing that filing is date stamped December 21, 2021, more than 30 days after the entry of the underlying judgment. While both evidence such as a date stamp and a litigant's

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

certification may be used to determine the timeliness of a prisoner's notice of appeal, Henry's filings contained no "declaration in compliance with 28 U.S.C. § 1746—or a notarized statement—setting out the date of deposit and stating that first-class postage is being prepaid." *See* Fed. R. App. P. 4(c)(1)(A).